Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
SEAN STARK,                                                )                  No. 08-06-00119-CR
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  168th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20050D01364)

O P I N I O N

            Sean Stark attempts to appeal his conviction of tampering with a governmental record. 
Finding that Appellant has not timely filed his notice of appeal or a motion for extension of time,
we dismiss the appeal.
            The record before us reflects that sentence was imposed in open court on June 17, 2005. 
Appellant timely filed a motion for new trial on July 11, 2005, and notice of appeal on September
8, 2005. The clerk’s record was filed on October 13, 2005. On that same date, we notified
Appellant’s counsel that the trial court’s certification reflected that Appellant did not have a right
of appeal and we requested a response within ten days. Counsel filed a response on behalf of
Appellant asserting that he intended to appeal the trial court’s ruling on a special plea of double
jeopardy raised by written motion and ruled on before trial. Because the record did not reflect that
the court had ruled on the special plea of double jeopardy prior to the guilty plea or that the trial
court’s certification was otherwise erroneous, we dismissed the appeal on December 8, 2005. See
Stark v. State, No. 08-05-00312-CR, 2005 WL 3327557 (Tex.App.--El Paso Dec. 8, 2005, no pet.). 
Appellant’s counsel filed a general motion for rehearing but he did not indicate that the special plea
of double jeopardy had in fact been ruled on prior to trial or otherwise state that the trial court’s
certification was erroneous. We denied Appellant’s motion for rehearing on January 4, 2006. 
Appellant did not file a petition for discretionary review, and we issued the mandate on May 1, 2006.
            On May 9, 2006, Appellant filed a motion to “re-file” his original appeal because the trial
court, on April 10, 2006, had issued a new certification indicating that Appellant had a right to
appeal those matters raised by written motion and ruled on before trial. Attached to the motion is
an order, entered by the trial court on April 11, 2006, denying Appellant’s special plea of double
jeopardy. The trial court judge indicated that she had denied the special plea of double jeopardy
prior to Appellant’s guilty plea but she had not entered a written order because none had been
presented. Because we lacked jurisdiction to consider the motion in the context of the original
appeal or to reinstate the appeal at this late juncture, we treated the motion as a new notice of appeal. 
Appellant has since filed a motion requesting that we withdraw the mandate in the original appeal
and allow him an out-of-time appeal. 
            We are unable to grant either request due to a lack of jurisdiction. First, regarding
reinstatement of the appeal, our jurisdiction to withdraw the opinion and judgment dismissing the
appeal expired on February 3, 2006, thirty days after the last timely motion for rehearing was
overruled. Appellant faults the Court for dismissing the appeal without first reviewing the reporter’s
record to determine whether he had a right to appeal, but the trial court’s certification clearly
reflected that Appellant did not have a right of appeal and there was no evidence to suggest that the
court’s certification was erroneous. In his response to our original inquiry about the court’s
certification, Appellant’s counsel candidly admitted he was unsure whether the trial court had ruled
on Appellant’s special plea of double jeopardy and suggested that it would be necessary for him to
review the reporter’s record to verify this fact. Appellant’s attorney did not contact the Court again
prior to dismissal and he did not cause an amended certification to be filed until long after our
jurisdiction had expired. See Tex.R.App.P. 25.2(f)(permitting filing of amended certification
correcting a defect or omission in an earlier filed certification). Therefore, we presumed that the trial
court had correctly certified that Appellant did not have a right of appeal and we dismissed the
appeal on that basis. If Appellant had made this Court aware either prior to dismissal or within the
time for rehearing that the certification was in fact erroneous, we certainly would have allowed time
for it to be corrected and the appeal to proceed.
            Regarding Appellant’s request that we permit him an out-of-time appeal because the trial
court has corrected the certification, neither the trial court nor this Court has authority to grant an
out-of-time appeal. The exclusive post-conviction remedy in final felony convictions in Texas courts
is through a writ of habeas corpus pursuant to Article 11.07 of the Code of Criminal Procedure. Ater
v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex.Crim.App. 1991); Tex.Code Crim.Proc.
Ann. art. 11.07 (Vernon Supp. 2005). Appellant’s motion to reinstate the appeal or grant him an
out-of-time appeal is therefore denied. We dismiss the instant appeal for lack of jurisdiction because
the “notice of appeal” filed on May 9, 2006 is untimely to perfect an appeal from the sentence
imposed on June 17, 2005. See Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996);
Tex.R.App.P. 26.2(a)(1). 

August 10, 2006                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)